98 So.2d 420

**STATE of Alabama ex rel. Jessie Ruth LATTIMORE,**

v.

**BOARD OF EDUCATION OF RANDOLPH COUNTY et al.**

5 Div. 670.

Supreme Court of Alabama.

Nov. 14, 1957.

David H. Hood, Jr., Bessemer, for appellant.

Paul J. Hooton, Roanoke, for appellees.

STAKELY, Justice.

This is an appeal from a judgment denying a petition for mandamus filed by Jessie Ruth Lattimore against the Randolph County Board of Education and its members. It is alleged that the relator is a "teacher" in the public school system of Randolph County, within the meaning of that term as used in § 351, Title 52, Code of 1940; that she has served under contract as a teacher in the public schools of Randolph County for three consecutive years immediately preceding May 1, 1949, and has attained continuing service status under § 352, Title 52, Code of 1940; that relator's contract of employment as a teacher in the public schools of Randolph County has remained and still remains in full force and effect and has not been cancelled as provided in §§ 357 or 358 or 360, Title 52, Code of 1940; that relator has not received any notice of termination of her contract as a school teacher in Randolph County as provided by law, which required that in no case shall notice of termination of employment of a teacher for the ensuing year be given later than the first day of May of the preceding year; that such notice was not given; that the respondents have failed or refused to effect an appointment of relator to a teaching position in the public schools of Randolph County. It is prayed that mandamus issue to the respondents requiring them to restore relator to her position as a teacher in the public school system of Randolph County.

After answer there was a hearing when the witnesses appeared personally before the court, and it was developed and agreed that relator had served only the one year beginning in September of 1955 and ending on May 18, 1956, so that she had not attained continuing service status, but that of a probationary teacher. That feature of the case is therefore out, and it is not insisted upon. That left in the case only the question of notice of termination of employment, and as to that the sworn petition proceeds upon the idea that such notice by law should have been given not later than

May 1st. But that is not the requirement of the law as it stood at the time the relator's employment was terminated, nor at this time. Originally, § 360, Title 52, Code of 1940, required that such notice be given not later than the first day of May. By amendment, the statute (now numbered 361 (b) of Title 52) provides that such notice be given on or before the last day of the term of the school in which the teacher is employed. Since the last day of the school term was May 18th, and the notice of termination was given under date of May 7th, there was a compliance with the statutory requirement.

The trial court made a finding of fact from the testimony given ore tenus on which he based his judgment. Insofar as here pertinent the judgment reads:

"The court is of the opinion that the Board of Education of Randolph County, strictly pursued the law in this matter insofar as giving notice to the relator is concerned, and that the said Board of Education, through its executive officer, acted in said cause strictly in conformity with the provisions of the statutes of Alabama in such cases made and provided. It might be stated that it is the present law that notice of the termination of a contract, as in this case, must be given before the last day of the school term, and not before May 1st, as originally provided. This the Randolph County Board of Education did.

"It, therefore, follows that in the opinion of the court, the relator is not entitled, under the law and under the evidence, to be reinstated as a teacher in the public schools of Randolph County, Alabama, by the respondents in this cause."

This judgment was in all things correct and it is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.